# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOWNSEND, | CASE NO. CV F 10-0470 LJO SKO |
| Plaintiff, | **ORDER ON STATE DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 8.) |
| STATE OF CALIFORNIA, et al, | |
| Defendants. | |

## INTRODUCTION

Defendants State of California ("State"), California Highway Patrol ("CHP") and CHP Officer Dennis Sherman Yates ("Officer Yates") seek to dismiss as invalid and subject to defenses and immunities pro se plaintiff Robert Townsend's ("Mr. Townsend's") claims arising from Mr. Townsend's speeding citation. This Court considered the State, CHP and Officer Yates' (collectively the "State defendants'") F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the May 17, 2010 hearing, pursuant to this Court's sua sponte dismissal of this action. For the reasons discussed below, this Court DISMISSES this action against the State defendants.

1

# BACKGROUND[1]

## Mr. Townsend's Speeding Citation

On March 5, 2009, Officer Yates stopped Mr. Townsend, an Orange County resident, for speeding on a rural highway with a 55 mph speed limit outside Kerman, California. Officer Yates cited Mr. Townsend for driving 70 mph based on a reading of a radar gun manufactured by defendant Applied Concepts, Inc. ("Applied Concepts").

Mr. Townsend asked for a radar readout of the clocked speed. Officer Yates responded that the clocked speed had been cleared and was unavailable.

After a February 5, 2010 trial, Mr. Townsend was convicted of speeding and assessed a $188 fine.

## Mr. Townsend's Claims

Mr. Townsend proceeds on his complaint ("complaint") to claim that Officer Yates had "spite toward Plaintiff which translated into a malicious desire to do him harm" and "wrongly issued" a citation to Mr. Townsend. The complaint alleges:

1. A (first) negligence claim that Officer Yates was "negligent in failing to preserve the single piece of evidence for providing the probable cause to have stopped" Mr. Townsend and that "Defendants . . . failed to take protective and mitigating measures which could have and should have been taken to protect Plaintiff";

2. A (second) violation of California Civil Code section 52.1 claim that Officer Yates targeted "out of county vehicles," anticipated that Mr. Townsend "would simply pay the fine, and "[n]eedlessly and unreasonably subject[ed] Plaintiff to an unwarranted and unjustifiable traffic stop";

3. A (third) violation of federal civil rights claim that "defendants . . . deprived Plaintiff of his right to security of his person from unreasonable search, seizure through premeditated means, without probable justifiable traffic stop in violation of the Fourth Amendment";

4. A (fourth) *Monell* claim to challenge the "employing, hiring and retaining," "training"

---

[1] The factual recitation is derived generally from Mr. Townsend's 36-page complaint, the target of the State defendants' challenges.

2

|   |   |   |
|---|---|---|
| 1 |    | and "monitoring" of Officer Yates; |
| 2 | 5. | A (fifth) 42 U.S.C. § 1985(3) claim that "Defendants . . . conspired to and did deprive plaintiff . . . of his Constitutional Rights guaranteed under the Fourth, Fifth, Sixth and Fourteenth Amendments"; |
| 5 | 6. | A (sixth) 18 U.S.C. § 1346 deprivation of intangible right to honest services claim that "Defendants . . . conspired to and did deprive plaintiff of honest governmental services through the utilization of radio and computer communications, wire, and wireless communications with other public servants to coordinate the use of a "Revenue Trap AKA Cherry Patch"; |
| 10 | 7. | A (seventh) claim against Applied Concepts for violation of California Business and Professions Code sections 17500, et seq.; |
| 12 | 8. | An (eighth) claim for violation of California Business and Professions Codes section 17200, et seq. (Unfair Competition Law ("UCL")) that "Defendants' conduct constituted unlawful, unfair, and fraudulent business acts or practices"; |
| 15 | 9. | A (ninth) claim under the Racketeer and Corrupt Practices ("RICO"), 18 U.S.C. §§ 1961, et seq., that defendants "conspired . . . to engage in unwarranted collection activities against Plaintiff"; |
| 18 | 10. | A (tenth) RICO prohibited racketeering activity claim that defendants conspired "to acquire and maintain an interest in a RICO enterprise" through "kangaroo court hearings," false testimony and refusal "to provide exculpatory evidence" and "the demanded documents"; and |
| 22 | 11. | An (eleventh) RICO claim to conspire to engage in prohibited racketeering activity arising from "unlawful arrest, restraint, thereafter wrongly forcing Plaintiff to make payment for unjustified bail, a kangaroo conviction." |

The complaint seeks to recover Mr. Townsend's past and future medical expenses and lost earnings as well as emotional distress and punitive damages.

/ / /

/ / /

# DISCUSSION

## F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

The State defendants contend that the complaint's claims are barred by defenses and immunities and are invalid.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *see Navarro v. Block*, 250 F.3d 729, 733 (9th Cir. 2001).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the

[plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second,

5

> only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to the State defendants' challenges to the complaint.

**Failure To Satisfy F.R.Civ.P. 8**

The complaint spans 36 pages and includes 11 convoluted claims, many of which are unclear as against which defendants they are asserted. The complaint throws out references to "malicious desire," "unreasonable detention," "lay in concealed wait," "conspiracy," "despicable and outrageous," "mail and wire fraud," and "unwarranted collection activities."

F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,

1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The complaint fails to satisfy F.R.Civ.P. 8. In sum, the complaint reveals Mr. Townsend's displeasure with his traffic citation which he claims resulted from a speed trap. The complaint's tenor and impetus is to vex and belittle the State defendants. The complaint lacks facts to support claims or valid, cognizable legal theories as to the State defendants. The complaint fails to give the State defendants fair notice of claims plainly and succinctly to warrant the complaint's dismissal.

**Eleventh Amendment Immunity**

The State and CHP invoke Eleventh Amendment immunity to bar the complaint's claims.

According to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject matter jurisdiction." *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 2033 (1997).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of

1 other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).

The State defendants note that 42 U.S.C. § 1983 ("section 1983") does not permit a federal court action against a state. "[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139 (1979). The State defendants further note that federal court actions against states are barred whether based on section 1983 or not. "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Quern*, 440 U.S. at 345, 99 S.Ct. 1139.

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Puerto Rico Aqueduct*, 506 U.S. at 144, 113 S.Ct. 684; *Natural Resources Defense Council v. California Dept. of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *see also Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

The CHP is a State agency. *See* Cal. Gov. Code, § 11000. The Eleventh Amendment's bar to actions in federal court against states and their agencies further warrants dismissal of Mr. Townsend's claims against the State and CHP. The complaint alleges no conduct that falls outside the scope of the Eleventh Amendment immunity.

**No Section 1983 Persons**

The State defendants argue that the State and CHP are not "persons" subject to section 1983 claims. "We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989) (holding applies "to States or governmental entities that are considered 'arms of the State' for Eleventh

8

Amendment purposes"). The State defendants are correct that the State and CHP, an arm of the State, are not subject to section 1983 claims.

### *Heck v. Humphrey* Bar

The State defendants contend that Mr. Townsend's conviction bars this action a collateral attack on the conviction.

In *Heck v. Humphrey*, 512 U.S. 477, 487-488, 114 S.Ct. 2364 (1994), the U.S. Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

"*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005), *cert. denied*, 545 U.S. 1128, 125 S.Ct. 2938 (2005) (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)). *Heck* objectives include "preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit.'" *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (quoting *Heck*, 512 U.S. at 484-485, 114 S.Ct. 2364).

The complaint's claims would serve to invalidate Mr. Townsend's speeding conviction. Nothing reveals that the conviction has been reversed, expunged, declared invalid or call into question by a court. This action attempts to collaterally attack Mr. Townsend's conviction to warrant its dismissal, despite the labels to Mr. Townsend's claims.

### RICO Elements

The State defendants fault the complaint's failure to allege RICO elements.

9

1    The complaint references RICO statutes 18 U.S.C. §§ 1961 ("section 1961") and 1962 ("section
2  1962") and alleges "conspiracy." The complaint charges a RICO violation based on "kangaroo court
3  hearings." The State defendants challenge the complaint's absence of allegations of an enterprise to
4  plead a necessary element of a RICO claim.

5    Section 1962(c) provides:

6    It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

9    A violation of section 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4)
10  of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim."
11  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275 (1985). A "plaintiff only has standing
12  if, and can only recover to the extent that, he has been injured in his business or property by the conduct
13  constituting the violation." *Sedima*, 473 U.S. at 496, 105 S.Ct. 3275.

14    "A RICO complaint must be presented with intelligibility sufficient "for a court or opposing
15  party to understand whether a valid claim is alleged and if so what it is.'" *Jennings v. Emry*, 910 F.2d
16  1434, 1436 (7th Cir. 1990) (quoting *Old Time Enter., Inc. v. International Coffee Corp.*, 862 F.2d 1213,
17  1218 (5th Cir.1989)). A RICO complaint "must be presented with clarity sufficient to avoid requiring
18  a district court or opposing party to forever sift through its pages in search of that understanding."
19  *Jennings*, 910 F.2d at 1436.

20    Section 1962(c) requires "that the person named as the defendant cannot also be the entity
21  identified as the enterprise." *Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 995 (8th Cir.
22  1989). For a RICO claim, an alleged "enterprise" requires an independent legal entity such as a
23  corporation or an "association in fact" of individuals. 18 U.S.C. § 1961(4). The United States Supreme
24  Court has explained:

25    The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. § 1961(1) (1976 ed., Supp. III). The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to

establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages.

*United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524 (1981).

One is not liable under section 1962(c) "unless one has participated in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 183, 113 S.Ct. 1163 (1993). "Congress did not intend to extend RICO liability under § 1962(c) beyond those who participate in the operation or management of an enterprise through a pattern of racketeering activity." *Reves*, 507 U.S. at 184, 113 S.Ct. 2524. "[T]o 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in directing those affairs." *Reves*, 507 U.S. at 179, 113 S.Ct. 1163.

Moreover, RICO claims against government entities fail because they "are incapable of forming a malicious intent." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991), *cert. denied*, 502 U.S. 1094, 112 S.Ct. 1168 (1992); *see Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 261, 101 S.Ct. 2748, 2756 (1981) (noting the existence of "respectable authority" that municipal corporations "cannot, as such, do a criminal act or a willful and malicious wrong").

"In order to avoid dismissal for failure to state a claim, a [RICO] plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989).

The State defendants fault the absence of a RICO claim based on allegations that Officer Yates stopped Mr. Townsend and issued him a speeding citation. The State defendants note that such allegations relate to "law enforcement" and that there are no allegations that Officer Yates actions constituted an enterprise to impose RICO liability.

The State defendants are correct that the complaint fails to satisfy the enterprise element. The complaint identifies no enterprise beyond the defendants. The complaint lacks necessary allegations of an ongoing organization and that associates function as a continuing unit. The complaint alleges nothing more than normal law enforcement to warrant dismissal of the RICO claims.

Moreover, the complaint lacks sufficient allegations to satisfy other RICO elements. "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code. *Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990); *see* 18 U.S.C. § 1961.

"Racketeering activity" also includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).

Section 1961(5) defines "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Section 1961"does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J., Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 237, 109 S.Ct. 2893 (1989). Section 1961(5) "says of the phrase 'pattern of racketeering activity' only that it 'requires at least two acts of racketeering activity, one of which occurred after [October 15, 1970,] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.' It thus places an outer limit on the concept of a pattern of racketeering activity that is broad indeed." *H.J., Inc.*, 492 U.S. at 237, 109 S.Ct. 2893.

"Section 1961(5) concerns only the minimum *number* of predicates necessary to establish a pattern; and it assumes that there is something to a RICO pattern *beyond* simply the number of predicate acts involved." *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900 (italics in original). A pattern is not formed by "sporadic activity." *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900. The term pattern requires a relationship between predicates and the threat of continuing activity. *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900. The factor of continuity plus relationship combines to produce a pattern. *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900. "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900.

The complaint lacks sufficient allegations that the State defendants or others engaged in an enterprise or two or more criminal acts to support a pattern of racketeering activity under sections 1961(5) and 1962. The complaint fails to allege that Mr. Townsend's fine constitutes an unlawful debt,

1 that is, an illegal gambling debt or debt with an interest rate "at least twice the enforceable rate." *Reidy*
2 *v. Meritor Sav., F.S.B.,* 705 F.Supp. 39, 40 (D. D.C. 1989). The complaint fails to identify conduct to
3 constitute or reflect mail fraud.

4 The complaint further fails to satisfy the damages requirement for a RICO claim. The "plain
5 language" of pertinent RICO provisions "leads us to conclude that a plaintiff seeking civil damages for
6 a violation of section 1962(a) must allege facts tending to show that he or she was injured by the use or
7 investment of racketeering income." *Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.,* 981 F.2d
8 429, 437 (9th Cir. 1992), *cert. denied*, 508 U.S. 908, 113 S.Ct. 2336 (1993).

9 The complaint's RICO claims are vitiated in the absence of sufficient facts of an enterprise,
10 racketeering activity, pattern of racketeering activity, unlawful debt and recoverable damages. The
11 complaint alleges no injury to Mr. Townsend's business or property by a racketeering activity or
12 sufficiently alleged violation identified under RICO. The complaint is devoid of facts to satisfy sections
13 1961 and 1962. The complaint lacks meaningful support for a civil RICO claim.

## UCL Claims

15 The State defendants argue that the complaint's UCL claims against them are barred as a matter
16 of law.

17 California Business and Professions Code section 17204 limits standing to bring a UCL claim
18 to specified public officials and a private person "who has suffered injury in fact and has lost money or
19 property as a result of the unfair competition." "Unfair competition is defined to include 'unlawful,
20 unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank*
21 *v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200).

22 Business and Professions Code section 17203 addresses UCL relief and provides in pertinent
23 part:

24 Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make
25 such orders or judgments . . . as may be necessary to restore to any person in interest any **money or property**, real or personal, which may have been acquired by means of such
26 unfair competition. (Bold added.)

27 "In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's
28 remedies are 'generally limited to injunctive relief and restitution.'" *Kasky v. Nike, Inc.*, 27 Cal.4th 939,

950, 119 Cal.Rptr.2d 296 (2002) (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999)).

The complaint lacks facts of Mr. Townsend's money or property allegedly lost due to a UCL violation. The UCL claims offer insufficient, bare allegations that defendants' practices "were unlawful" in that they violated the UCL. The complaint lacks sufficient allegations of Mr. Townsend's standing to warrant dismissal of the UCL claims against the State defendants.

The State defendants challenge that the State and CHP are subject to a UCL claim in that a "public entity is not a person under the UCL." The UCL defines "person" as "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code, § 17201. "Government entities . . . are not included in this definition of person." *Janis v. California State Lottery Com.*, 68 Cal.App.4th 824, 831, 80 Cal.Rptr.2d 549 (1998). The "UCL did not otherwise evidence any intent to impose governmental liability." *People for the Ethical Treatment of Animals, Inc. v. California Milk Producers,* 125 Cal.App.4th 871,879, 22 Cal.Rptr.3d 900 (2005). "Section 17201 does not include any references to governmental agencies or political entities." *People for the Ethical Treatment of Animals, Inc.,* 125 Cal.App.4th at 879, 22 Cal.Rptr.3d 900. Unlike the Unfair Practices Act, Cal. Bus. & Prof. Code, §§ 17000, et al., which contains "municipal or other public corporation" in its definition of person, the UCL omitted "municipal or other public corporation" from its definition of "person." *People for the Ethical Treatment of Animals, Inc.,* 125 Cal.App.4th at 879, 22 Cal.Rptr.3d 900. "Therefore, had the Legislature wished to include governmental entities . . . in its definition of 'person[s]' subject to UCL liability it would have done so by using language similar to that in section 17021." *People for the Ethical Treatment of Animals, Inc.,* 125 Cal.App.4th at 879, 22 Cal.Rptr.3d 900.

The State and CHP are government entities not subject to UCL claims.

Turning to Officer Yates, the State defendants note the complaint's failure to allege that he "engaged in any business act or practice." The State defendants further point to his immunity from a malicious prosecution claim. California Government Code section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

The State defendants are correct. The complaint fails to allege that Officer Yates engaged in a business practice to subject him to a UCL claim. Moreover, Officer Yates alleged acts are subject to immunity under California Government Code section 821.6. Officer Yates is further entitled to discretionary immunity for tort-sounding claims under California Government Code section 820.2, which provides that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused." The complaint criticizes Officer Yates' discretionary conduct.

## **Attempt At Amendment And Malice**

Mr. Townsend has brought against the State defendants meritless claims barred by defenses and immunities. Mr. Townsend is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Mr. Townsend has brought this action in absence of good faith and that Mr. Townsend exploits the court system solely to vex the State defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex provides further grounds to dismiss this action against the state defendants, especially since Mr. Townsend has pursued his claims in another forum.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against the State defendants; and
2. DIRECTS the clerk to enter judgment against plaintiff Robert Townsend and in favor of defendants State of California, California Highway Patrol and Dennis Sherman Yates in that there is no just reason to delay to enter such judgment given Mr. Townsend's claims against the State defendants and the State defendants' alleged liability are clear and

1 distinct from claims against and liability of the other defendant.  *See* F.R.Civ.P. 54(b).

2 In addition, this Court will not tolerate Mr. Townsend's further meritless filings or abuse of the judicial process.  This Court ADMONISHES Mr. Townsend that it will impose monetary and/or other sanctions on Mr. Townsend if he continues to vex the State defendants and this Court and/or engages in abuse of the judicial process.  Moreover, this Court will entertain the State defendants' proper memorandum of costs.

IT IS SO ORDERED.

**Dated:   April 20, 2010**                             **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE